## WOODBRIDGE v. AMBOY.

1. A person who had lived a year in one house and family, previous to the passing of the act of 1740, acquired, under that act, a legal settlement in the township where such residence was.

2. An implication should not be permitted to destroy the effect of express words in a statute.

*Certiorari* to the Sessions of Middlesex county, to remove

a judgment confirming an order for the removal of Patience Longworthy, a pauper, from Amboy to Woodbridge.

The case was, that the pauper, more than sixty years since, when she was quite young, came into the township of Woodbridge, as one of the family of Richard Carman, who removed to that place from Long Island. She lived several years in the family of Carman, and it did not appear that she had subsequently acquired a settlement in any other place.

PER CUR. The act of 1740 declares and enacts that no one shall be entitled to a settlement, unless, among other requisites, such person shall have lived in one house or family one full year, at one time, in such place ; and then declares, if they do live one year in manner aforesaid, they shall be considered as having acquired a legal settlement, and as entitled to relief.

The pauper, in this case, comes within the express words of the act, and has clearly gained a settlement in Woodbridge.

It has been objected that the act in question cannot have a retrospective operation ; but we cannot think that it was intended by the legislature, at the time of passing this act, that it should receive a construction which would have left all those before the passing of it without any legal settlement ; and, in the words of the law itself, " vexatious and burdensome " to every place where they happened to be once unable to support themselves ; more especially when it is declared to be the intention of the legislature to provide a remedy for such cases.

[214] We do not consider ourselves as bound by the strictly grammatical construction of the words of the act. The intention of the legislature should be our guide ; or, rather, in a case of this nature, we should not hesitate to adopt a construction which the words will clearly warrant, free from those inconveniences which must flow from any other interpretation. But the fourth section removes every objection to our deviating from the express words of the law ; it makes none

removable who has, before the passing of the act, complied with the requisites which it prescribes as necessary to create a settlement.

It is true that, in the enumeration of these requisites, the words, living in one house or family, are omitted ; but this omission, however it may have occurred, is not sufficient to authorize us in destroying the operation of the clear and unambiguous language of other parts of the act. An implication of this kind is not to destroy the effect of express words.

Order of sessions confirmed.

CITED *in East Windsor* v. *Montgomery,* 4 *Hal.* 39.